IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE SAUL LARA, (TDCJ-CID #805565) Petitioner, VS. WILLIAM STEPHENS, Respondent. | CIVIL ACTION NO. H-14-0592 |

**MEMORANDUM AND OPINION**

Petitioner, Jose Saul Lara, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 208th Judicial District Court of Harris County, Texas. Because Lara filed this suit too late, it is dismissed.

**I.   Background**

A jury found Lara guilty of the felony offense of murder. (Cause Number 733118). On October 20, 1997, the jury sentenced Lara to seventy years imprisonment. The First Court of Appeals of Texas affirmed Lara's conviction on March 4, 1999. The Texas Court of Criminal Appeals refused Lara's petition for discretionary review on September 7, 1999. Lara filed an application for state habeas corpus relief on November 26, 2012, which the Texas Court of Criminal Appeals denied without written order, on December 19, 2012. *Ex parte Lara,* Application No. 78,719-01 at cover. Lara filed a second application on May 22, 2013, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on July 31, 2013. *Ex parte Lara,* Application No. 78,719-03 at cover.

On March 11, 2014, this court received Lara's federal petition. The petition was filed when Lara tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court will presume that Lara deposited his federal petition in the prison mail on the date he signed it, March 10, 2014. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Lara contends that his conviction is void for the following reasons:

(1) the judgment is void;

(2) he is actually innocent;

(3) he received ineffective assistance; and

(4) he was denied a fair post-conviction proceeding.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II.  The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. Because this petition was filed after April 24, 1996, the one-year limitations period applies. *See Flanagan v. Johnson,* 154 F.3d 196, 198 (5th Cir. 1998).

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court held that district courts are permitted to consider the timeliness of a state prisoner's habeas petition. The Court explained that it would make little sense to distinguish AEDPA's time bar from other threshold constraints on

federal habeas petitioners, such as exhaustion and procedural default. The Supreme Court cautioned that before acting on its own, a court must give the parties fair notice and an opportunity to present their positions.

In an order entered on March 17, 2014, this court directed Lara to file a written statement by April 21, 2014, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 5). Lara has complied. (Docket Entry No. 7).

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Lara's conviction became final when the time for filing a petition for a writ of certiorari expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Lara's petition for discretionary review on September 7, 1999. Lara's deadline for filing a petition for a writ of certiorari was December 6, 1999. The limitations period ended one year later, on December 6, 2000. Lara did not file this federal petition until March 10, 2014.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on December 6, 1999 and ended on December 6, 2000. Lara's state applications did not serve to toll the limitations period because they were not filed during the limitations period.

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips,* 216 F.3d at 511. "'Equitable tolling applies principally

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher*, at 715 n.14.

Lara asserts that his actual innocence precludes the dismissal of this § 2254 petition. (Docket Entry No. 7, Petitioner's Response, p. 1). The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Insofar as Lara requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002). In

addition, Lara has not shown that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court recently considered whether a plea of actual innocence can overcome the habeas statute of limitations. The district court first determined that Perkins's claim was filed well beyond AEDPA's limitations period and that equitable tolling was unavailable to Perkins because he could demonstrate neither exceptional circumstances nor diligence. The district court then found that Perkins's alleged newly discovered evidence, *i.e.*, the information contained in three affidavits, was "substantially available to [Perkins] at trial." The district court further found the proffered evidence, even if "new," was hardly adequate to show that, had it been presented at trial, no reasonable juror would have convicted Perkins. The Sixth Circuit granted a certificate of appealability limited to the question whether reasonable diligence was a precondition to reliance on actual innocence as a gateway to adjudication of a federal habeas petition on the merits. The Sixth Circuit reversed the district court's judgment. Acknowledging that Perkins's petition was untimely and that he had not diligently pursued his rights, the Sixth Circuit held that Perkins's actual-innocence claim allowed him to present his

ineffective-assistance-of-counsel claim as if it had been filed on time. In so ruling, the Sixth Circuit apparently considered Perkins's delay irrelevant to appraisal of his actual-innocence claim.

The Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo,* 513 U.S. 298 (1995), and *House v. Bell,* 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations. The Supreme Court explained:

> We have explained that untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence.
> On remand, the District Court's appraisal of Perkins' petition as insufficient to meet *Schlup*'s actual-innocence standard should be dispositive, absent cause, which we do not currently see, for the Sixth Circuit to upset that evaluation. We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."
> 513 U.S., at 316, 115 S. Ct. 851.

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013).

Lara has not met his heavy burden of showing that he is actually innocent. Lara has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial. The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In support of his actual innocence claim, Lara offers the handwritten affidavit of Osbaldo Perez dated June 27, 2005. (Docket Entry No. 2, Petitioner's Memorandum, Ex. A, p. 1).

Lara presented this newly discovered evidence to the state habeas court, which found:

> 7. The court finds that the June 27, 2005 letter Applicant attaches to his writ does not comment on or demonstrate Applicant's actual

> innocence. The court finds the letter to be an offer, purportedly from friend Osbaldo Perez, to help Applicant prove his innocence. *Applicant's Writ Exhibit* A.
> 8. The court concludes that the letter from Osbaldo Perez does not unquestionably establish Applicant's innocence such that "no reasonable juror would have convicted the applicant in light of the new evidence." *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002).

(Docket Entry No. 2-3, p. 1). Lara has not shown that he has reliable new evidence that establishes his actual innocence.

Lara does not identify any other grounds for equitable tolling, and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Lara does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Lara from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Lara's claims do not relate to a constitutional right recognized by the Supreme Court within the last year

and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Lara's claims relate to his trial on October 20, 1997.

Lara has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Lara's federal petition is untimely.

### III. Conclusion

Lara's challenges to his 1997 conviction are DISMISSED as time-barred. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Lara has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED at Houston, Texas, on _May 9_, 2014.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE